| | |
|---|---|
| 1 | WO |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Goodman, an unmarried individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Staples the Office Superstore, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | No. CV 08-445-PHX-JAT<br><br>**ORDER** |

　　　The Court's Audio/Video Technologies Specialist has brought it to the Court's attention that, in the course of instructing Plaintiff's counsel as to the uses of the courtroom technology and equipment, Plaintiff's counsel indicated that he is planning to use Skype and/or video conferencing to present witness testimony during the upcoming trial.

　　　As pointed out by the Court during the Final Pretrial Conference, Plaintiff's counsel has not made the required showing, pursuant to Federal Rule of Civil Procedure 43, to entitle him to use such equipment during the trial.

　　　Rule 43(a) requires, "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

During the Final Pretrial Conference, the Court made clear that Plaintiff failed in several particulars to show that she was entitled to submit such out-of-court testimony. *See* Transcript of the Final Pretrial Conference, Doc. 330 at 53-54. The Court first advised Plaintiff's counsel that it could not allow such testimony, as Plaintiff's counsel had made no attempt to identify the specific witnesses from whom he sought to elicit out-of-court testimony.[1] The Court then discussed Rule 43(a) and Plaintiff's counsel's failure to show good cause or compelling circumstances[2] that would permit Plaintiff to present such testimony.

Accordingly, the Court reaffirms that, in the absence of such a showing, no such testimony will be permitted at trial. Further, any such showing would have to be made by

---

[1] As the Court noted during the Final Pretrial Conference, Plaintiff's Motion in Limine to Permit Certain Witnesses to Testify at Trial by Telephone (Doc. 280) "basically seeks a carte blanche order that would permit these unnamed, unidentified folks to appear by some other means." (Doc. 330 at 53: 6-9).

[2] The Advisory Committee Notes to Rule 43 explain the importance of the rule and the type of circumstances that would justify allowing out-of-court testimony:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. *Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.*
>
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.

FED.R.CIV.P. 43 advisory committee's note to the 1996 amendment (emphasis added).

written motion sufficiently in advance of trial in order to give Defendants a fair chance to respond and allow the Court to put adequate safeguards in place.[3]

DATED this 26th day of January, 2012.

_____
James A. Teilborg
United States District Judge

---

[3] The importance of advance notice is also noted in the Advisory Committee's notes to Rule 43:

> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.
> . . .
> Safeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness. Accurate transmission likewise must be assured.
>
> Other safeguards should be employed to ensure that advance notice is given to all parties of foreseeable circumstances that may lead the proponent to offer testimony by transmission. Advance notice is important to protect the opportunity to argue for attendance of the witness at trial. Advance notice also ensures an opportunity to depose the witness, perhaps by video record, as a means of supplementing transmitted testimony.

*Id.*