**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Pamela Goodman,                            ) No. CV 08-0445-PHX-JAT
                                           )
           Plaintiff,                      ) **ORDER**
                                           )
vs.                                        )
                                           )
                                           )
Staples the Office Superstore, LLC,        )
                                           )
           Defendant.                      )
                                           )
_____)

       Pending before the Court is Defendant's Motion to Review Taxation of Costs. (Doc.
373). The Court now rules on the Motion.

       **I.      BACKGROUND**

       Plaintiff brought suit against Defendant alleging a tort claim of negligence. At the
conclusion of discovery, Defendant served Plaintiff with an offer of judgment for $150,000
(Doc. 174), which was rejected. After an appeal to the Ninth Circuit Court of Appeals, the
case proceeded to jury trial before this Court. The jury found for Plaintiff in the amount of
$35,000. However, the jury assigned Plaintiff seventy-five percent of the fault and,
consequently, Plaintiff's award was reduced to $8,750. Because Plaintiff's recovery was
lower than the Offer of Judgment, Defendant was entitled to recover its costs for the period
following the Offer of Judgment under Rule 68(d) of the Federal Rules of Civil Procedure.
Plaintiff was presumptively entitled to recover her costs prior to the Offer as the prevailing
party. Accordingly, the Clerk of the Court awarded Plaintiff $12,324.25 and Defendant

$104.32 in costs. Defendant then filed the pendent Motion, seeking to set aside the award of costs to Plaintiff. Defendant alleges that Plaintiff was not the prevailing party, and alternatively that the Court should exercise its discretion to set aside the Clerk's judgment based on: (1) the amount recovered being nominal in comparison to the amount sought; (2) the costs exceeding the verdict; and (3) Defendant litigating in good faith.

## II.   LEGAL STANDARD

A district court reviews the clerk's taxation of costs de novo. *Escriba v. Foster Poultry Farms*, CV-09-1878 LJO-MJS, 2012 WL 174847, *1 (E.D. Cal. Jan. 20, 2012). A district court is not bound by the record nor required to show any deference to the Clerk's conclusions. *See Sea Coast Foods, Inc. v. Lu–Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054, 1058 (9th Cir. 2001).

Local Rule of Civil Procedure 54.1 provides that "[g]enerally, a party in whose favor judgment is rendered is the prevailing party." LRCIV 54.1(d). A prevailing party is one who succeeds on "any significant issue" in litigation which "achieves some of the benefit the parties sought in bringing the suit." *Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1035 (9th Cir. 2006).

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. Proc. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000).

> Proper grounds for denying costs include "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) 'the chilling effect of imposing . . . high costs on future civil rights litigants,'" as well as (4) whether "the issues in the case were close and difficult"; (5) whether "the prevailing party's recovery was nominal or partial"; (6) whether "the losing party litigated in good faith"; and (7) whether "the case presented a landmark issue of national importance."

*Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (quoting *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003)).

1  ### III.    DISCUSSION

2  #### A.    Prevailing Party

3  Plaintiff is the prevailing party in this case. Defendant cites *Perlman v. Zell*, 185 F.3d

4  830 (7th Cir. 1999), to support its argument that a party recovering only a small amount of

5  the total amount sought is not the prevailing party. There, the plaintiff lost on numerous

6  causes of action, and prevailed only on state law claims that the defendant had conceded. The

7  award the plaintiff received was entirely nominal. Here, Plaintiff received an award of

8  $8,750. Although this was only a small fraction of the damages she sought, the verdict was

9  in her favor and damages were awarded. Plaintiff thus achieved some of the benefit she

10 sought in bringing the suit, and prevailed on the negligence issue in that Defendant was

11 found twenty-five percent at fault. Thus, Plaintiff is the prevailing party and is presumptively

12 entitled to taxable costs incurred prior to the Offer of Judgment.

13 #### B.    DISCRETION TO AWARD COSTS

14 Defendant fails to persuade the Court to exercise its discretion and deny Plaintiff her

15 taxable costs. It is true that Plaintiff's costs exceed the jury award. However, this factor is

16 not included in the list from *Quan*, nor does Defendant cite to any authority for this factor

17 justifying the denial of costs. Of the seven *Quan* factors, (1), (2), (3), and (7) do not apply

18 here, nor does Defendant contend that they do.

19 With regard to the fourth factor, the issues in the case were arguably close and

20 difficult, since the case involved a three week jury trial, and resulted in a judgment of fault

21 by both parties. With regard to the sixth factor, there is no question that Defendant litigated

22 in good faith. Defendant argues that Plaintiff's fractional recovery of $8,750, when she was

23 seeking over $1,000,000 in damages, justifies a reversal of costs. The Court recognizes the

24 limited nature of Plaintiff's recovery, compared with what she sought, and Defendant's

25 success in demonstrating that Plaintiff was at fault. However, given the strong presumption

26 in favor of awarding costs, Defendant has not established that this case was sufficiently

27 extraordinary to justify denying costs.

28 ### IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** denying Defendant's Motion to Review Taxation of Costs. (Doc. 373).

DATED this 22nd day of June, 2012.

James A. Teilborg
United States District Judge